**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| STEVEN ALLEN WATTS, | ) | No. CV-00-0208-PHX-SMM (ECV) |
| Plaintiff, | ) | |
| vs. | ) | |
| TERRY L. STEWART, et al., | ) | **ORDER** |
| Defendants. | ) | |

On February 2, 2000, Plaintiff Steven Allen Watts filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 [Doc. No. 1]. Pursuant to Fed. R. Civ. P. 16, the Magistrate Judge ordered the parties to make initial disclosures in this matter by March 3, 2005, and for Plaintiff to disclose his experts by May 3, 2005. [Doc. No. 181]. To date, Plaintiff has not submitted either initial disclosures or his expert disclosures.

On June 6, 2005, Defendants filed a Motion to Dismiss [Doc. No. 183]. On June 16, 2005, the Magistrate Judge expressly ordered that Plaintiff had until July 14, 2005 by which to respond to Defendants' motion. [Doc. No. 184]. To date, Plaintiff has not filed a response to the Motion to Dismiss [Doc. No. 183].

On August 11, 2005 Plaintiff filed a Motion for Modification of the Scheduling Order [Doc. No. 186]. On September 12, 2005, the Magistrate Judge denied Plaintiff's Motion [Doc. No. 190].

1  On September 19, 2005, this Court filed an Order [Doc. No. 192] ordering that Plaintiff must "within 30 days of the date of entry of this Order, file a motion with the Court setting forth specific requests for modification of the Scheduling Order [Doc. No. 181], complete with the reasons for modification, to be considered by the Magistrate Judge."  The Court's Order [Doc. No. 192] further stated that if "Plaintiff fails to provide the Court with his new address or otherwise fails to appear within 30 days of the date of entry of this Order, this matter will be dismissed with prejudice."  On November 8, 2005, the Court's Order dated September 19, 2005 [Doc. No. 192] was returned as "Undeliverable" [Doc. No. 193].  To date, Plaintiff has not provided the Court with his new address or otherwise appeared nor has Plaintiff filed a motion with the Court setting forth specific requests for modification of the Scheduling Order [Doc. No. 181].

In determining whether to dismiss a claim for failure to prosecute or failure to obey a Court order, the Court weighs five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) public policy favoring disposition of cases on their merits.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

1. Public's interest in expeditious resolution of litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Because Plaintiff has failed to keep the Court informed of his current address for more than five months[1], this factor weighs in favor of dismissal.

2. Court's need to manage its docket

The Court is in the best position to determine whether delay in a particular case interferes with docket management and the public interest.  Id.  There is no doubt that Plaintiff's

---

[1] The docket indicates that Plaintiff last filed a Notice of Change of Address on June 27, 2005 [Doc. No. 185] and since that time mail has been returned as undeliverable on:  July 19, 2005, August 15 2005, August 29, 2005 and November 8, 2005.

- 2 -

1  Complaint has consumed some of the Court's time and resources that could have been
2  devoted to other cases on the docket. Because it is incumbent upon the Court to manage its
3  docket without being subject to routine noncompliance of litigants such as Plaintiff, this
4  factor also weighs in favor of dismissal. See Ferdik, 963 F.2d at 1261.

5  <u>3. Risk of prejudice to Defendants</u>

6  To prove prejudice, a defendant must establish that plaintiff's actions impair defendant's
7  ability to proceed to trial or threaten to interfere with the rightful decision of the case.
8  Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987). Although limited
9  delays and prejudice "to a defendant from the pendency of a lawsuit are realities of the
10  system that have to be accepted," this is so only if "the prejudice is not compounded by
11  'unreasonable' delays." Yourish, 191 F.3d at 991 (citation omitted).

12  On September 19, 2005, Plaintiff was ordered to provide the Court with his new address
13  or otherwise appear within 30 days and Plaintiff has not complied with this Order [Doc. No.
14  192] to date. Plaintiff was also ordered to file a motion with the Court setting forth specific
15  requests for modification of the Scheduling Order within 30 days and has likewise failed to
16  comply with this Order [Doc. No. 192]. Plaintiff was also previously warned that if he failed
17  to file a Notice of Change of Address his lawsuit would be dismissed for failure to prosecute.
18  Unnecessary and unreasonable delay – such as the delay resulting from Plaintiff's failure to
19  timely inform the Court of his current address – inherently increases the risk that witnesses'
20  memories will fade and evidence will become stale. See Sibron v. New York, 392 U.S. 40,
21  57 (1968). Plaintiff's unreasonable delay weighs in favor of dismissal. Yourish, 191 F.3d
22  at 991-92.

23  <u>4. Availability of less drastic alternatives</u>

24  On September 19, 2005, the Court issued an Order [Doc. No. 192] providing Plaintiff with
25  an extension of time to correct his numerous failures to prosecute this action in a proper
26  fashion and to comply with the Court's Orders but it was returned as "undeliverable." The
27  Court also notes that this lawsuit was filed in February of 2000. The Court finds that
28

1  Plaintiff has failed to file a Notice of Change of Address or otherwise communicate with the
2  Court since August 11, 2005 and also finds that during the past five months, Plaintiff's mail
3  has been returned as undeliverable on several occasions. The Court also finds that Plaintiff
4  has failed to comply with the Court's explicit instructions set forth in its Order dated
5  September 19, 2005 [Doc. No. 192].  Under the circumstances, no less drastic alternatives
6  are available.  Accordingly, this factor weighs in favor of dismissal.

7  <u>5. Public policy favoring disposition of cases on their merits</u>

8  Public policy favors disposition of cases on the merits.  Thus, this factor weighs against
9  dismissal.  <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998).

10  Four factors favor dismissal and one factor weighs against dismissal.  Because Plaintiff
11  has failed to file a Notice of Change of Address with the Court, and has failed to comply with
12  the explicit instructions of the Court set forth in the Order dated September 19, 2005 [Doc.
13  No. 192], this action is dismissed pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute.
14  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (stating a district court may dismiss action for failure to
15  comply with any order of the Court).

16  Accordingly,

17  **IT IS ORDERED** that the above-captioned action be and hereby is dismissed with
18  prejudice pursuant to Fed.R.Civ.P. 41(b).

19  **IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time [Doc. No.
20  194] is **DENIED** as moot.

21  **IT IS FURTHER ORDERED** that any and all other pending motions, hearings and/or
22  other matters before this Court, related to and/or arising from this case, are hereby
23  **VACATED**.

24  DATED this 7th day of December, 2005.

_____
Stephen M. McNamee
Chief United States District Judge

- 4 -